## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CINDY LYNN HAIGOOD,                    )
                                       )
              Plaintiff,          )
                                       )
v.                                     )   Case No. CIV-13-535-RAW-KEW
                                       )
CAROLYN W. COLVIN, Acting              )
Commissioner of Social                 )
Security Administration,               )
                                       )
              Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Cindy Lynn Haigood (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164

(10th Cir. 1997)(citation omitted).   The term "substantial

evidence" has been interpreted by the United States Supreme Court

to require "more than a mere scintilla.   It means such relevant

evidence as a reasonable mind might accept as adequate to support

a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971)

(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229

(1938)).   The court may not re-weigh the evidence nor substitute

its discretion for that of the agency.   Casias v. Secretary of

Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Nevertheless, the court must review the record as a whole, and the

"substantiality of the evidence must take into account whatever in

the record fairly detracts from its weight."   Universal Camera

Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d

at 800-01.

### Claimant's Background

   Claimant was born on October 3, 1967 and was 44 years old at

the time of the ALJ's decision.   Claimant obtained her GED.

Claimant has worked in the past as a dry cleaner assistant, barber,

and light checker/cashier.   Claimant alleges an inability to work

beginning July 13, 2008 due to limitations resulting from an arm

injury, degenerative disc disease of the cervical spine, and

anxiety and depression.

## Procedural History

On October 15, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge J. Frederick Gatzke ("ALJ") on August 17, 2012 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on September 14, 2012. On October 9, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) finding Claimant retained the capacity to make the vocational adjustment to alternative work; (2) finding that the transferability to skills was not material to a finding of disability; (3) failing to

include all of Claimant's limitations in his RFC determination; and (4) the Appeals Council failing to include the records supplied to it to permit a proper *de novo* review by this Court.

**Findings on Acquiring Skills to Perform Alternative Work**

In his decision, the ALJ determined Claimant suffered from the severe impairments of dysthemic disorder, PTSD, anxiety disorder, borderline personality disorder, cannabis abuse, and degenerative disc disease of the cervical spine. (Tr. 17). He concluded that Claimant retained the RFC to perform sedentary work except that he can frequently use the right dominant extremity, but she has no ability for overhead use of the dominant right upper extremity. Additionally, the ALJ found Claimant could not follow complex work instructions and should have no collaboration with co-workers. (Tr. 19). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of cafeteria cashier and check cashier, both of which the ALJ classified as sedentary, semi-skilled. (Tr. 24). The vocational expert testified these existed in sufficient numbers in the regional and national economies. Id. As a result, the ALJ determined Claimant was not disabled for the relevant period. (Tr. 24-25).

Claimant contends the ALJ failed to make the proper findings

to justify the conclusion that Claimant had acquired skills transferrable to the representative jobs. In his decision, the ALJ found that the transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Claimant was "not disabled" whether or not Claimant had transferable job skills. (Tr. 23).

The Social Security regulations require that before the Medical-Vocational Rules may be applied as a framework when and individual is under the age of 50 and has an RFC for less than the full range of sedentary work, ALJ must cite "examples of occupations or jobs the individual can do and provide a statement of the incidence of such work." Soc. Sec. R. 96-9p. The ALJ concluded Claimant's ability to perform sedentary work was "impeded by additional limitations." (Tr. 24). Through the testimony of a vocational expert, he found Claimant could perform two cashier jobs. However, the ALJ failed to make the requisite findings that Claimant had the transferable skills to perform these alternative jobs. 20 C.F.R. § 404.1568(d)(1). The Commissioner bears the burden at step five to find vocational alternatives which Claimant can perform. Haddock v. Apfel, 196 F.3d 1084, 1089 (10th Cir. 1999). The ALJ cannot delegate the finding responsibility to a

vocational expert.  Winfrey v. Chater, 92 F.3d 1017, 1024-25 (10th Cir. 1996).  The fact the expert found transferable skills, therefore, is insufficient to cure the defect in the ALJ's findings at step five.

The statement in the ALJ's decision that employing the Medical-Vocational Guidelines as a framework made a findings of transferability of skills immaterial is not supported.  The ALJ is required to make the transferability findings.  Dikeman v. Halter, 245 F.3d 1182 (10th Cir. 2001).  On remand, the ALJ shall expressly make findings in his decision regarding the transferability of Claimant's skills to alternative employment.

## RFC Findings

Claimant also contends the ALJ's RFC findings failed to include all of the limitations found by the physician to whose opinion the ALJ gave "great weight."  On March 19, 2011, Dr. Shalom Palacio-Hollman evaluated Claimant and concluded Claimant had an fair ability to adjust to stress, ability to understand, remember and carry out simple instructions but required structure and supervision.  The ALJ recognized and adopted these conclusions in his decision.  (Tr. 22).  However, Dr. Palacio-Hollman also found Claimant's ability to deal with the public and supervisors was adversely affected by her anxiety.  (Tr. 579).  The ALJ failed to

reference or adopt this limitation despite finding this opinion was consistent with the medical evidence and was the only opinion of record from an examining source on Claimant's mental capacity. (Tr. 22). The ALJ cannot selectively disregard portions of a medical professional's opinions while giving other portions great weight without providing specific and legitimate reasons for rejecting the disregarded portions. Haga v. Astrue, 482 F.3d 1205, 1207-09 (10th Cir. 2007). This Court must conclude that the ALJ's RFC findings were not supported by substantial evidence when he did not include all of Dr. Palacio-Hollman's functional limitations or give specific reasons for not including the restrictions.

**Omission of Appeals Council Evidence from the Record**

Claimant also contends this Court cannot perform a meaningful *de novo* review of the ALJ's decision since the additional evidence provided to the Appeals Council was not included in the record on appeal. Defendant contends the evidence was properly omitted since the Appeals Council found the records pertained to a time outside of the relevant period. Evidence that is new, material, and chronologically relevant may be submitted to the Appeals Council. Without the evidence in the record, this Court cannot review the Appeals Council's determination. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). This evidence should be included in

the record in any further review in the future.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 26th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE